In the INTEREST OF C.G.B.,
a person under the age of 17:

STATE of Wisconsin, Plaintiff-Appellant,

v.

C.G.B., Defendant-Respondent.†

Court of Appeals

*No. 2016AP668. Oral argument March 28, 2017,
—Decided April 19, 2017.*

2017 WI App 32

(Also reported in 896 N.W.2d 387.)

† Petition for Review filed.

On behalf of the plaintiff-appellant, the cause was submitted on the brief of *Abbey Nickolie* of *the Waukesha County District Attorney's Office*. There was oral argument by *Anthony Russomanno*, assistant attorney general.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Gregory Bates* of *Bates Law Offices*, Kenosha. There was oral argument by *Gregory Bates*.

Before Neubauer, C.J., Reilly, P.J., and Hagedorn, J.

¶ 1. REILLY, P.J.[1] This appeal presents the question of whether a juvenile court has the authority to order a consent decree over the objection of the district attorney. We conclude that a juvenile court does not have the statutory authority to do so and reverse.

¶ 2. The specific facts are not relevant to this appeal. Sixteen-year-old C.G.B. came to the attention of police on May 21, 2015, and a referral was made to the county intake worker on July 1, 2015, for an "intake inquiry." *See* WIS. STAT. § 938.24(1). Per the

---

[1] This appeal was converted from a one-judge appeal to a three-judge appeal under WIS. STAT. § 752.31(3) and WIS. STAT. RULE 809.41(1) (2015–16). All references to the Wisconsin Statutes are to the 2015–16 version unless otherwise noted.

statute, an intake worker is required to do one of the following within forty days after receipt of a referral: (1) request that a petition be filed, (2) enter into a deferred prosecution agreement (DPA), or (3) close the case. Sec. 938.24(3)-(5). In the case of C.G.B., the intake worker chose to enter into a DPA and gave requisite notice to the district attorney. *See* § 938.24(5). By statute, a district attorney has twenty days to file a delinquency petition to override the DPA,[2] and in this case, the district attorney exercised its authority to file a delinquency petition against C.G.B.

¶ 3. C.G.B. thereafter filed a motion requesting that the court enter an order either dismissing the delinquency petition and referring the case back for a DPA or placing him on a consent decree pursuant to WIS. STAT. § 938.21(7). Section 938.21(7) provides that "[i]f the court determines that the best interests of the juvenile and the public are served, the court may enter a consent decree under [WIS. STAT. §] 938.32 or dismiss the petition and refer the matter to the intake worker for deferred prosecution in accordance with [WIS. STAT. §] 938.245." C.G.B. argued that our supreme court's decision in *State v. Lindsey A.F.*, 2003 WI 63, ¶ 35, 262 Wis. 2d 200, 663 N.W.2d 757, authorizing the court to exercise its discretion to dismiss a delinquency petition and refer the matter for a DPA over the objection of the district attorney, was equally applicable to the court entering into a consent decree with the juvenile over the district attorney's objection. The State objected to C.G.B.'s motion, acknowledging that the court could dismiss the case and send it back for a DPA under *Lindsey A.F.*, but disagreeing that the court could enter into a consent decree without approval from the district attorney under § 938.32.

---

[2] WIS. STAT. § 938.24(5).

¶ 4. The circuit court held a hearing and issued a written decision. The court found that a DPA was not appropriate for C.G.B. given the facts of the case, but it concluded that it did have the authority to enter a consent decree over the objection of the district attorney, relying upon the rationale set forth in *Lindsey A.F.* The district attorney did not sign the consent decree entered by the court and brought this appeal.[3]

¶ 5. In *Lindsey A.F.*, a unanimous supreme court held that a juvenile court has the authority under Wis. Stat. § 938.21(7) to dismiss a juvenile delinquency petition and refer the matter for deferred prosecution over the objection of the district attorney. *Lindsey A.F.*, 262 Wis. 2d 200, ¶¶ 34–35. The State responded that it could nevertheless terminate the deferred prosecution agreement by filing a second delinquency petition pursuant to Wis. Stat. § 938.245(6). *Lindsey A.F.*, 262 Wis. 2d 200, ¶ 26. Relying on the plain language of § 938.245, the court rejected this argument. It noted that the district attorney's authority to terminate a deferred prosecution agreement was only triggered by "receipt of notice of the deferred prosecution agreement under [Wis. Stat. §] 938.24(5)." *Lindsey A.F.*, 262 Wis. 2d 200, ¶¶ 26, 33 (quoting § 938.245(6)). However, no notice is required for a court-ordered deferred prosecution under § 938.21(7) as a referral to the intake worker must be in accordance with § 938.245, which effectively skips over the twenty-day notice requirement of § 938.24(5). *Lindsey A.F.*, 262 Wis. 2d 200, ¶¶ 32–33. Thus, the court concluded that without the trigger—notice—a district attorney cannot terminate

---

[3] We granted the State's petition for leave to appeal a nonfinal order on July 27, 2016. *See* Wis. Stat. Rule 809.50(3). We held oral arguments on March 28, 2017.

a court-ordered referral for a deferred prosecution agreement by filing a second delinquency petition. *Id.*, ¶¶ 33–35. Stated simply, § 938.245(6) authorizes a district attorney to override a determination made by an intake worker within twenty days after notice of the DPA, but the statute does not authorize a district attorney to override a court-ordered referral for a DPA made by the circuit court under § 938.21(7). *Lindsey A.F.*, 262 Wis. 2d 200, ¶ 34.

¶ 6. The resolution of this case rests on a matter of statutory interpretation, which we review de novo. *Id.*, ¶ 8. The juvenile court opined that a district attorney does not have authority to override a court's decision under Wis. Stat. § 938.21(7) to "enter a consent decree under [Wis. Stat. §] 938.32." We disagree, as a consent decree statutorily requires the consent, approval, and participation of the district attorney "under" § 938.32.

¶ 7. Under Wis. Stat. § 938.245, a DPA may be entered into "with all parties" if the intake worker determines that neither the interests of the public nor the juvenile require the filing of a delinquency petition; that the intake worker determines that the jurisdiction of the court would exist if a petition was sought; and the juvenile, parent, guardian, and legal custodian consent to the DPA. Sec. 938.245(1)(a)-(c). "Parties" under § 938.245 does not include either the district attorney or the court as a participant in the process. *See id.* A DPA differs from a consent decree in that a DPA may not include any form of "out-of-home placement" and may not exceed one year. *Compare* § 938.245(2)(b), *with* Wis. Stat. § 938.32(1)(c), (2).

¶ 8. In contrast, a consent decree authorized under Wis. Stat. § 938.32 "must be agreed to by the

juvenile; the parent, guardian, or legal custodian; and the person filing the petition," i.e., the district attorney. Sec. 938.32(1)(a). Statutorily, a consent decree may place a juvenile outside of the juvenile's home, may be extended beyond one year, and the district attorney is obligated to offer victims the opportunity to confer with him or her regarding the proposed consent decree. Sec. 938.32(1)(c), (1)(am), (2). Unlike in *Lindsey A.F.*, the procedure authorizing a consent decree is not statutorily the same as a DPA. WISCONSIN STAT. § 938.21(7) grants the circuit court the authority to enter a consent decree if "the best interests of the juvenile and the public are served," but it must do so "under" the confines of § 938.32, which mandates that all parties, including the district attorney, must agree before a valid consent decree may be entered.

¶ 9. *Lindsey A.F.* was not a broad statement of judicial authority that massaged or otherwise disregarded statutory language. WISCONSIN STAT. § 938.21(7) requires that referral for a DPA must be "in accordance with [WIS. STAT. §] 938.245"; *Lindsey A.F.* purported to do no more than interpret § 938.245. Similarly, the statute requires that the court may order a consent decree "under WIS. STAT. § 938.32." We hold that a juvenile court does not have the authority to enter a consent decree under § 938.21(7) over the objection of the district attorney.

¶ 10. Reversed and remanded for proceedings consistent with this opinion.

*By the Court.*—Order reversed and cause remanded.