IN the INTEREST OF JOSEPH E. G., a person under the age of 18:

STATE of Wisconsin, Petitioner-Respondent,

v.

JOSEPH E. G., Respondent-Appellant.†

Court of Appeals

No. 99–3248. Submitted on briefs June 23, 2000.—Decided December 7, 2000.

2001 WI App 29

(Also reported in 623 N.W.2d 137.)

†Petition to review denied.

On behalf of the respondent-appellant, the cause was submitted on the briefs of *Susan E. Alesia*, assistant state public defender.

On behalf of the petitioner-respondent, the cause was submitted on the brief of *Tris M. Baker*, assistant district attorney.

On behalf of the petitioner-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general and *William C. Wolford*, assistant attorney general.

Before Vergeront and Roggensack, JJ., and William Eich, Reserve Judge.

¶ 1. ROGGENSACK, J.   Joseph E.G., a juvenile convicted of false imprisonment of another juvenile as a party to the crime, appeals an order denying his motion to be excused from the statutory requirement that he register as a sex offender. He contends that WIS. STAT. § 301.45(1m) (1997–98)[1] violates his constitutional rights to equal protection and substantive due process. Because the legislature had a rational basis for not allowing juveniles convicted of false imprisonment to be excused from registration, we conclude that

---

[1] All references to the Wisconsin Statutes are to the 1997–98 version unless otherwise noted.

Joseph's constitutional rights have not been violated. Therefore, we affirm the order of the circuit court.

## BACKGROUND

¶ 2.  Fifteen-year-old Joseph E.G. and Eddie Johnson confronted a thirteen-year-old girl on the street in Waterloo. Joseph slapped her in the face, then forced her into the backseat of the car and held her inside while Johnson drove off. A short time later, Johnson stopped, and the pair forced her into the trunk, shut it, and again drove off. Joseph and Johnson later removed her from the trunk, ordered her to wade into a lake, threw gravel at her, slapped her, and forced her to kiss ·Johnson's clothed buttocks. Johnson also placed his finger in her mouth and told her to "suck it like a bottle." Both Joseph and Johnson repeatedly threatened to kill her if she reported the incident to the police.

¶ 3.  Joseph was convicted of false imprisonment as a party to the crime and other crimes not relevant to this appeal. He was required to register as a sex offender pursuant to WIS. STAT. § 938.34(15m)(bm).[2] He requested to be excused from the registration requirement, pursuant to WIS. STAT. § 301.45(1m).[3] The circuit

---

[2] WISCONSIN STAT. § 938.34(15m)(bm) states:

If the juvenile is adjudicated delinquent on the basis of a violation . . . of s. 940.30 . . . if the victim was a minor and the juvenile was not the victim's parent, the court shall require the juvenile to comply with the reporting requirements under s. 301.45 unless the court determines, after a hearing on a motion made by the juvenile, that the juvenile is not required to comply under s. 301.45(1m).

[3] WISCONSIN STAT. § 301.45(1m) provides:

EXCEPTION TO REGISTRATION REQUIREMENT. (a) A person is not required to comply with the reporting requirements under this section if all of the following apply:

court denied his request because false imprisonment is not one of the crimes listed in the statute for which registration may be excused. Joseph appeals, claiming that not including conviction for false imprisonment within that group of crimes for which registration may be excused violates his constitutional rights to equal protection and substantive due process.

## DISCUSSION

### Standard of Review.

¶ 4. We review challenges to the constitutionality of a statute without deference to the decision of the circuit court. *State v. Ruesch*, 214 Wis. 2d 548, 553, 571 N.W.2d 898, 900 (Ct. App. 1997).

### Constitutional Challenges.

¶ 5. Statutes generally are presumed to be constitutional, and one challenging a statute on constitutional grounds bears the heavy burden of proving unconstitutionality beyond a reasonable doubt. *Wisconsin Retired Teachers Ass'n v. Employe Trust*

---

1. The person meets the criteria under sub. (1)(a) to (dh) based on any violation, or on the solicitation, conspiracy or attempt to commit any violation, of s. 948.02(1) or (2) or 948.025 or of a law of another state that is comparable to s. 948.02(1) or (2) or 948.025.

2. At the time of the violation, or of the solicitation, conspiracy or attempt to commit the violation, of s. 948.02(1) or (2) or 948.025 . . . the person had not attained the age of 19 years and was not more than 4 years older or not more than 4 years younger than the child.

3. It is not necessary, in the interest of public protection, to require the person to comply with the reporting requirements under this section.

*Funds Bd.*, 207 Wis. 2d 1, 18, 558 N.W.2d 83, 90 (1997); *Employers Health Ins. Co. v. Tesmer*, 161 Wis. 2d 733, 737, 469 N.W.2d 203, 205 (Ct. App. 1991). There are two major categories of constitutional challenges: "facial" challenges and "as-applied" challenges. *Ruesch*, 214 Wis. 2d at 556, 571 N.W.2d at 902 (citing *United States v. Salerno*, 481 U.S. 739, 745 (1987)); *State v. Weidner*, 2000 WI 52, ¶ 1, 235 Wis. 2d 306, 310, 611 N.W.2d 684, 686. Joseph makes as-applied challenges to WIS. STAT. § 301.45(1m). Therefore, he must prove, beyond a reasonable doubt, that as applied to him the statute is unconstitutional.[4]

### A.   *Equal Protection.*

¶ 6.    Joseph argues that WIS. STAT. § 301.45(1m) violates his constitutional right to equal protection[5] because it allows juveniles adjudicated delinquent because of sexual contact with a child who is not more than four years younger than the offender to seek to be excused from registration, but it does not allow him to do so because he was convicted of false imprisonment, even though he is a juvenile and his victim was not more than four years younger than he.

¶ 7.    The Equal Protection Clause prohibits discrimination based on certain invidious classifications, but it does not, in and of itself, create substantive rights. *Ruesch*, 214 Wis. 2d at 564, 571 N.W.2d at 905

---

[4] The due process and equal protection clauses of the Wisconsin Constitution are the substantial equivalents of their respective clauses in the federal constitution. *State ex rel. Cresci v. Schmidt*, 62 Wis. 2d 400, 414, 215 N.W.2d 361, 367 (1974).

[5] Joseph bases his challenge on the Fourteenth Amendment of the United States Constitution and art. I, § 1 of the Wisconsin Constitution.

(citation omitted). The classification of which Joseph complains, giving the opportunity not to register to those convicted of certain crimes while refusing it to others, is not a suspect classification, or even a quasi-suspect classification. Acknowledging this, Joseph concedes that WIS. STAT. § 301.45(1m) should be evaluated using the rational basis test. However, he contends that there is no rational basis for the legislature's omission of false imprisonment from the list of crimes for which the circuit court may excuse registration. We disagree.

¶ 8. When considering an equal protection challenge that does not involve a suspect or quasi-suspect classification, "the fundamental determination to be made . . . is whether there is an arbitrary discrimination in the statute . . ., and thus whether there is a rational basis which justifies a difference in rights afforded." *Ruesch*, 214 Wis. 2d at 564, 571 N.W.2d at 905 (quoting *State v. Akins*, 198 Wis. 2d 495, 503, 544 N.W.2d 392, 395 (1996)). A statute violates equal protection if it creates an irrational or arbitrary classification. *Id.* However, a statute that creates a classification that is rationally related to a valid legislative objective does not violate equal protection guarantees. *Id.*

¶ 9. The purposes underlying the registration requirements of WIS. STAT. § 301.45 are to protect the public and to assist law enforcement officials. *State v. Bollig*, 2000 WI 6, ¶ 21, 232 Wis. 2d 561, 574, 605 N.W.2d 199, 205. WISCONSIN STAT. § 175.45 (1993–94), which originally established sex offender registration, required registration of all persons convicted of or adjudicated delinquent of first-degree or second-degree

sexual assault, first-degree or second-degree sexual assault of a child, or repeated acts of sexual assault of the same child. Later, 1995 Wis. Act 440, which renumbered § 174.45 to § 301.45, required registration for eight additional sex-related crimes: sexual contact by a therapist, third-degree sexual assault, incest, causing a child to view or hear sexual activity, sexual exploitation of a child, incest with a child, soliciting a child for prostitution, and exposing a child to harmful materials. The same 1995 act also amended the statute to require registration of those convicted of child enticement, which is not necessarily a sex crime,[6] and registration for false imprisonment. 1995 Wis. Act 440.

¶ 10.  Enacted through 1997 Wis. Act 130, WIS. STAT. § 301.45(1m) permits the circuit court to excuse certain juvenile offenders from registration if all of the following requirements are met: (1) the offender is younger than nineteen; (2) the offender was convicted of first-degree sexual assault of a child, second-degree sexual assault of a child or repeated acts of sexual assault of the same child; (3) there is no more than a four-year age difference between the child and the offender; and (4) protection of the public does not require registration of the offender.

¶ 11.  Interpreting WIS. STAT. § 301.45(1m) as a whole, we conclude that the legislature's purpose was to craft a narrow exception to mandatory registration for sex offenders in cases of factually consensual sexual contact between two minors who, but for the age of the younger child, would have broken no law. For example,

---

[6] The crime of child enticement includes enticing a child for the purpose of committing sexual crimes, but it also includes enticement of a child for the purpose of causing harm to the child or giving or selling the child controlled substances. WISCONSIN STAT. § 948.07.

sexual contact between an eighteen-year-old male and a fifteen-year-old female, even though factually consensual, could result in the male's conviction for second-degree sexual assault of a child because a person under the age of sixteen cannot legally consent to sexual relations. There, the offender and the fifteen-year-old child could have been equally consenting participants, where the offender was not a predatory seeker of sexual contacts. In such a case, the circuit court has the discretion to excuse the offender from registration if it determines that factually consensual contact has occurred, the offender presents no danger to the public, and the court is satisfied that the purposes of § 301.45 are not undermined by excusing registration. However, if the court is concerned about whether the sexual contact was truly consensual or if the offender appears to be predatory in seeking out younger partners for sexual contacts, the circuit court can deny the juvenile's request to be excused from the registration requirements of WIS. STAT. §§ 938.34(15)(bm) and 301.45.

¶ 12.    In contrast to the facts that could relieve an offender from registration for those crimes enumerated in WIS. STAT. § 301.45(1m), the crime of false imprisonment is never consensual and never a crime solely because of the age of the victim. False imprisonment is proscribed in WIS. STAT. § 940.30, which states:

> Whoever intentionally confines or restrains another without the person's consent and with knowledge that he or she has no lawful authority to do so is guilty of a Class E felony.

It has three elements: (1) intentional confinement or restraint; (2) done without the consent of the victim; and (3) with knowledge that the perpetrator has no

lawful authority to confine or restrain the victim. *Baldwin v. State*, 62 Wis. 2d 521, 525, 215 N.W.2d 541, 543 (1974). Because the restraint or confinement prohibited by § 940.30 must be done without the victim's consent, willing participation can never occur. Additionally, the age of the victim has no effect on whether an offender's conduct has violated § 940.30. Accordingly, the legislature could have rationally concluded that a juvenile who would confine or restrain a child without the child's consent is a greater potential threat to public safety than a person involved in a factually consensual sexual relationship with a child. Therefore, we conclude the classification created by § 301.45(1m) is rationally related to protecting the public, meets one of the legislative objectives of registration, and does not violate constitutional guarantees of equal protection as applied to Joseph.

### B.   *Substantive Due Process.*

¶ 13.   Joseph also contends that WIS. STAT. § 301.45(1m) violates substantive due process because it is without a rational basis. Substantive due process protects one from state conduct that "shocks the conscience . . . or interferes with rights implicit in the concept of ordered liberty." *Salerno*, 481 U.S. at 746 (additional citations omitted). Due process also requires that the means chosen by the legislature to effect a valid legislative objective bear a rational relationship to the purpose sought to be achieved. *State v. Jackman*, 60 Wis. 2d 700, 705, 211 N.W.2d 480, 484 (1973).

¶ 14.   Joseph's substantive due process contention points out nothing that could shock the conscience or interfere with rights that are implicit in the concept

of ordered liberty. Rather, it is simply a restatement of his equal protection claim. However, we have already identified a rational relationship between protection of the public and the omission of false imprisonment from those crimes listed in WIS. STAT. § 301.45(1m). Therefore, that same reasoning applies equally to defeat Joseph's due process challenge. Accordingly, we need not provide a separate substantive due process analysis. *Jones v. United States*, 463 U.S. 354, 362 n.10 (1983); *see also State v. McManus*, 152 Wis. 2d 113, 130–32, 447 N.W.2d 654, 660–61 (1989).

## CONCLUSION

¶ 15.   Because we have concluded that the legislature had a rational basis for not allowing juveniles convicted of false imprisonment to be excused from registration, we conclude Joseph has not proven that WIS. STAT. § 301.45(1m) is unconstitutional beyond a reasonable doubt as applied to him. Accordingly, we affirm the order of the circuit court.

*By the Court.*—Order affirmed.