IN the INTEREST OF JEREMY P., a Person Under the Age of 17:

STATE of Wisconsin, Petitioner-Respondent,

v.

JEREMY P., Respondent-Appellant.

Court of Appeals

*No. 04–0360. Oral argument November 3, 2004.—Decided December 7, 2004.*

2005 WI App 13

(Also reported in 692 N.W.2d 311.)

On behalf of the respondent-appellant, the cause was submitted on the briefs of *Adam B. Stephens* of *Alex Flynn & Assoc., S.C.*, and *Marjorie R. Maguire*, of counsel, of *Marjorie R. Maguire Law Office* of Milwaukee. There was oral argument by *Marjorie R. Maguire*.

On behalf of the petitioner-respondent, the cause was submitted on the brief of *E. Michael McCann*, district attorney by *Lori S. Kornblum*, assistant district attorney of Milwaukee. There was oral argument by *Lori S. Kornblum*.

Before Wedemeyer, P.J., Curley and Kessler, JJ.

¶ 1. KESSLER, J. Jeremy P. appeals from a dispositional order adjudicating him to be a delinquent child based on his commission of third-degree sexual assault

contrary to WIS. STAT. § 940.225(3) (2001–02).[1] Jeremy challenges that portion of the order requiring him to register as a sex offender, on grounds that the applicable mandatory registration statutes, WIS. STAT. §§ 938.34(15m)(bm) and 301.45(1m), are unconstitutional when applied to juveniles. Specifically, he argues that the mandatory registration requirement is unconstitutional because it violates juveniles' rights to: (1) trial by jury and procedural due process; (2) substantive due process; and (3) equal protection. We reject Jeremy's constitutional challenges because those issues have already been resolved against his position by the Wisconsin Supreme Court or other controlling Wisconsin precedent. However, we reverse that portion of the dispositional order requiring him to register as a sex offender and remand so that the trial court can exercise its discretion and decide whether to stay the sex offender registration portion of the dispositional order effective as of the date the order was originally entered. *See State v. Cesar G.*, 2004 WI 61, ¶ 2, 272 Wis. 2d 22, 682 N.W.2d 1 ("A circuit court has discretion under WIS. STAT. § 938.34(16) to stay that part of a dispositional order requiring a delinquent child to register as a sex offender."). All other conditions of the order, unchallenged on appeal, are affirmed.

## BACKGROUND

¶ 2. In 2002, the State alleged that Jeremy, then age 13, had engaged in fellatio with a five-year-old child on two occasions. Pursuant to a negotiated plea, Jeremy admitted he committed one act of third-degree sexual assault. However, he reserved the right to challenge the

---

[1] All references to the Wisconsin Statutes are to the 2001–02 version unless otherwise noted.

statutory requirement that he register as a sex offender. *See* Wis. Stat. § 938.34(15m)(bm).[2]

¶ 3. Jeremy was placed on supervision for one year with a variety of conditions. The court commissioner who accepted Jeremy's plea specifically imposed and stayed the sex offender reporting requirement pending the trial court's decision on Jeremy's challenge to the mandatory registration statute. The trial court issued a written opinion lifting the stay and requiring Jeremy to register as a sex offender consistent with Wis. Stat. § 938.34(15m)(bm). The trial court noted its concerns with the current mandatory registration system, but concluded that it had no discretion to refuse to impose the registration requirement and no discretion to stay that portion of the dispositional order. This appeal followed.

## DISCUSSION

¶ 4. Jeremy challenges the constitutionality of Wis. Stat. § 938.34(15m)(bm), which mandates that juveniles adjudicated delinquent for committing specific offenses enumerated in that statute must register as sex offenders pursuant to the procedure outlined in Wis. Stat. § 301.45. He also challenges § 301.45(1m), which provides a limited exception to the registration requirement. Although Jeremy indicates that he is challenging the constitutionality of § 301.45(1m), we interpret his argument as objecting to the fact that § 301.45(1m) provides an exception to registration of juveniles only in limited cases. Jeremy asks this court to find mandatory registration of juveniles in all cases unconstitutional.

---

[2] Jeremy also reserved the right to petition the court for an expungement of the adjudication on or after August 17, 2005. That reservation is not at issue in this appeal.

¶ 5. The constitutionality of a statute is a question of law that we review *de novo. State v. McManus,* 152 Wis. 2d 113, 129, 447 N.W.2d 654 (1989). All statutes reach us with the presumption that they are constitutional, and the party challenging the statute has the burden of showing beyond a reasonable doubt that it is unconstitutional. *Id.* There are two major categories of constitutional challenges: "facial" challenges and "as-applied" challenges. *Joseph E.G.,* 2001 WI App 29, ¶ 5, 240 Wis. 2d 481, 623 N.W.2d 137. Jeremy makes a facial challenge to the constitutionality of requiring certain juveniles adjudicated under the Juvenile Justice Code to register as sex offenders. In doing so, he must prove beyond a reasonable doubt that the challenged statutes are, on their face, unconstitutional. *See McManus,* 152 Wis. 2d at 129.

¶ 6. We begin our analysis by examining WIS. STAT. § 938.34(15m)(bm). It provides in relevant part:

> **938.34 Disposition of juvenile adjudged delinquent.**
>
> . . . .
>
> **(15m)** SEX OFFENDER REPORTING REQUIREMENTS.
>
> . . . .
>
> (bm) If the juvenile is adjudicated delinquent on the basis of a violation, or the solicitation, conspiracy, or attempt to commit a violation, of s. 940.22 (2), 940.225 (1), (2), or (3), 944.06, 948.02 (1) or (2), 948.025, 948.05, 948.055, 948.06, 948.07, 948.075, 948.08, 948.095, 948.11 (2) (a) or (am), 948.12, 948.13, or 948.30, or of s. 940.30 or 940.31 if the victim was a minor and the juvenile was not the victim's parent, the court shall require the juvenile to comply with the reporting re-

quirements under s. 301.45 unless the court determines, after a hearing on a motion made by the juvenile, that the juvenile is not required to comply under s. 301.45 (1m).

Consistent with this statute, the court is required to order Jeremy, who was found to have committed a violation of WIS. STAT. § 940.225(3), to comply with the registration and reporting requirements of WIS. STAT. § 301.45, the sex offender registration statute. Although § 301.45(1m) provides an exception to the registration requirement, Jeremy acknowledges that he does not qualify for that exception.[3]

---

[3] Pursuant to WIS. STAT. § 301.45(1m), a juvenile is not required to comply with the reporting requirements only if four conditions are met:

(1m) EXCEPTION TO REGISTRATION REQUIREMENT. (a) A person is not required to comply with the reporting requirements under this section if all of the following apply:

1. The person meets the criteria under sub. (1g) (a) to (dd) based on any violation, or on the solicitation, conspiracy or attempt to commit any violation, of s. 948.02 (1) or (2) or 948.025.

1g. The violation, or the solicitation, conspiracy or attempt to commit the violation, of s. 948.02 (1) or (2) or 948.025 did not involve sexual intercourse, as defined in s. 948.01 (6), either by the use or threat of force or violence or with a victim under the age of 12 years.

2. At the time of the violation, or of the solicitation, conspiracy or attempt to commit the violation, of s. 948.02 (1) or (2) or 948.025, the person had not attained the age of 19 years and was not more than 4 years older or not more than 4 years younger than the child.

3. It is not necessary, in the interest of public protection, to require the person to comply with the reporting requirements under this section.

See § 301.45(1m)(a). Section 301.45(1m)(a)1g was added to the statute after the court's decision in State v. Hezzie R., 219 Wis. 2d

¶ 7. Jeremy argues that because the trial court is obligated to order juveniles adjudicated delinquent for certain statutory violations to register as sex offenders, and has no discretion to refuse to so order, the challenged statutes violate certain fundamental constitutional rights. He explains:

> It violates his right to have a trial by jury and procedural due process before adult consequences are imposed upon him for his actions. It violates his substantive due process right to liberty because it does not allow the court to consider his best interest. Finally, it violates his constitutional right to equal protection because it places a disparate burden on him as a child.

We examine each of these arguments in turn.

## I. Right to a jury trial and procedural due process

¶ 8. Jeremy contends that WIS. STAT. §§ 938.34(15m)(bm) and 301.45(1m) violate his constitutional right to have a jury trial in any criminal prosecution and his constitutional right to procedural due process.[4] *See* U.S. CONST. amends. V, VI, XIV; and WIS. CONST. article I, sections 7 and 8. He acknowledges that the Wisconsin Supreme Court recognized in *State v. Hezzie R.*, 219 Wis. 2d 848, 580 N.W.2d 660 (1998), that proceedings under the Juvenile Justice Code are not criminal prosecutions and, therefore, do not require the constitutional protection of trial by jury for the

848, 580 N.W.2d 660 (1998), but that fact does not affect our analysis.

[4] Jeremy's procedural due process argument is based entirely on his assertion that he is entitled to a jury trial before being required to register as a sex offender. He does not argue there are other procedures that are constitutionally mandated before he can be required to register as a sex offender.

juvenile. *See id.* at 889–90. Nonetheless, he maintains that *Hezzie* provides support for his constitutional argument:

> In [*Hezzie*], the supreme court found that portions of the Juvenile Justice Code provided adult criminal punishment by allowing certain juveniles to be transferred to adult prison at the age of 17. The supreme court reasoned that this meant the juveniles were receiving a "de facto criminal sentence" without a jury trial. Therefore, the supreme court found those portions of the Juvenile Justice Code unconstitutional and severed them from the Code. Similarly . . . the requirement that certain juveniles register as sex offenders subjects those juveniles to adult "collateral consequences" of criminal prosecution but without the adult's right to a jury trial.

> Even though the sex offender registration requirement for adults in [Wis. Stat. § 301.45] has been found not to be criminal punishment, [citing *State v. Bollig*, 2000 WI 6, 232 Wis. 2d 561, 605 N.W.2d 199], an adult is only made subject to this regulation after going through the adult criminal system with its constitutional protection of a jury trial. The sex registration requirement for an adult in [§ 301.45] is a "collateral consequence" of conviction in the adult criminal system.

(Citations omitted.) He further argues that the registration requirement for juveniles is unconstitutional because if the juvenile stops reporting to the sex offender registry after the dispositional order expires, the juvenile, then an adult, may be imprisoned pursuant to § 301.45(6)(a). He contends: "The juvenile turned adult may be imprisoned even though he did not have the opportunity to have a jury find him guilty of the original offense which required the registration."

¶ 9. In response, the State notes that the Wisconsin Supreme Court and the United States Supreme

Court have rejected the argument that mandatory sex offender registration is a criminal penalty for adult sex offenders. *See Smith v. Doe,* 538 U.S. 84, 96 (2003); *Bollig,* 232 Wis. 2d 561, ¶ 27. The State argues: "Because mandatory sex offender registration is not punishment for adults, and because juveniles only have the right to a jury trial if they face adult punishment, sex offender registration does not give juveniles the right to a jury trial."

¶ 10. We conclude that Jeremy's constitutional challenge must fail, consistent with controlling precedent established in *Hezzie* and *Bollig.* In *Hezzie,* the supreme court specifically addressed several juveniles' challenges to seven provisions of Wis. Stat. ch. 938 (1995–96 and 1997–98),[5] including the juveniles' argument that the sex offender registration provision of the Juvenile Justice Code violated the juveniles' constitutional rights to a jury trial. In *Hezzie,* the court summarized the juveniles' argument:

> [T]he juveniles in this case premise their constitutional challenges on the assertion that the [Juvenile Justice Code] is not a juvenile code but is, for all intents and purposes, a "criminal code." Because the juvenile proceedings are therefore akin to a criminal prosecution that may impose criminal punishment, they argue, their right to a jury trial is guaranteed under Wis. Const. art. I, § 7 and the Sixth and Fourteenth Amendments. To support their argument, the juveniles assert that under certain specific provisions in the [Juvenile Justice Code], a juvenile is potentially subject to: (1) a possible lifetime commitment as a sexually violent

---

[5] In *Hezzie,* 219 Wis. 2d at 858, the court examined the 1995–96 and 1997–98 versions of the statutes. There have been no subsequent changes to the statutes that affect our analysis.

individual under Wis. Stat. ch. 980; (2) a possible need to register as a sex offender; (3) a possible lifetime ban on the possession of a firearm; (4) an adjudication of delinquency being considered in any future adult sentencing; (5) an adjudication of delinquency being considered for future impeachment proceedings and in future bail hearings; (6) the possibility of several years of placement in a juvenile secured correctional facility; and (7) a possible transfer from a juvenile secured correctional facility to an adult prison.

*Id.*, 219 Wis. 2d at 877. The court rejected six of the seven challenges, but concluded that the provisions that allowed for transfer of juveniles to adult prison were unconstitutional and should be severed from the Juvenile Justice Code. *Id.* at 887–88. In rejecting the juveniles' argument on the sex offender registration provision, the court stated:

The juveniles also argue that an adjudication of delinquency for a sexually motivated offense may result in having to comply with the reporting requirements for sex offender registration under Wis. Stat. § 301.45. The juveniles fail to recognize that those reporting requirements may be waived. Under Wis. Stat. § 938.34(15m)(bm) (1997–98), a juvenile need not comply with the reporting requirements of § 301.45 if "the court determines, after a hearing on a motion made by the juvenile, that the juvenile is not required to comply under s. 301.45(1m)." Factors that a juvenile court may consider in determining whether to waive the reporting requirements include:

1. The ages, at the time of the violation, of the juvenile and the victim of the violation.

2. The relationship between the juvenile and the victim of the violation.

3. Whether the violation resulted in bodily harm, as defined in s. 939.22(4), to the victim.

4. Whether the victim suffered from a mental illness or mental deficiency that rendered him or her temporarily or permanently incapable of understanding or evaluating the consequences of his or her actions.

5. The probability that the juvenile will commit other violations in the future.

6. Any other factor that the court determines may be relevant to particular case.

Wis. Stat. § 938.34(15m)(c). The requirements of § 301.45, therefore, are only imposed on a juvenile who is adjudicated delinquent where the particular facts of the case and concerns for public safety dictate it. This is not criminal punishment and does not equate the [Juvenile Justice Code] to a criminal code.

*Id.* at 880–81 (footnote omitted).

¶ 11. Jeremy argues that *Hezzie*'s discussion of the sex offender registration provision was based on an erroneous reading of the statute. For juveniles like Jeremy who violate WIS. STAT. § 940.225(3), an offense specifically identified in WIS. STAT. § 938.34(15m)(bm), the statute directs that the trial court "*shall* require the juvenile to comply with the reporting requirements under s. 301.45 unless the court determines, after a hearing on a motion made by the juvenile, that the juvenile is not required to comply under s. 301.45 (1m)." (Emphasis added.) In *Hezzie*, the court identified six factors that the trial court could consider before deciding whether to require a juvenile to register as a sex offender, implying that those factors are used to determine whether to waive the reporting requirement under WIS. STAT. § 301.45(1m). *Hezzie*, 219 Wis. 2d at

880–81. However, the factors listed, found in Wis. Stat. § 938.34(15m)(c), apply only in cases where a juvenile has committed offenses specified in Wis. Stat. § 938.34(15m)(am), where a trial court has discretion to decide whether to require the juvenile to register as a sex offender.[6]

¶ 12. Jeremy argues that *Hezzie's* misinterpretation of the statute undermines its ultimate conclusion, that was:

> The requirements of § 301.45, therefore, are only imposed on a juvenile who is adjudicated delinquent where the particular facts of the case and concerns for public safety dictate it. This is not criminal punishment and does not equate the [Juvenile Justice Code] to a criminal code.

*Hezzie*, 219 Wis. 2d at 881.

¶ 13. Even if the supreme court erroneously concluded that trial courts have discretion to waive the reporting requirement for those juveniles adjudicated delinquent for offenses specified in Wis. Stat. § 938.34(15m)(bm), the supreme court's decision in *Bollig* left no doubt that under Wisconsin law, requiring anyone to register as a sex offender is not criminal punishment—the same conclusion reached in *Hezzie*.

¶ 14. In *Bollig*, the supreme court considered whether a defendant was entitled to withdraw his no contest plea because the trial court had not advised the defendant of the sex offender registration requirement. 232 Wis. 2d 561, ¶ 1. *Bollig* recognized that courts are constitutionally required to notify defendants of the

---

[6] *See* Wis. Stat. § 938.34(15m)(c) ("In determining under par. (am) whether it would be in the interest of public protection to have the juvenile report under s. 301.45, the court may consider any of the following . . .").

"direct consequences" of their pleas, and that a direct consequence is one "that has a definite, immediate, and largely automatic effect on the range of defendant's punishment." *Id.*, ¶ 16. The court concluded that Wisconsin's sex offender registration requirements do not constitute punishment. *Id.*, ¶ 27. The court continued:

> Because the duty to register is not punishment, it does not represent a direct consequence of Bollig's no contest plea. Rather, it is a collateral consequence, and Bollig does not have a due process right to be informed of collateral consequences prior to entering his plea.

*Id.*

¶ 15. *Bollig*'s conclusion that the duty to register is not punishment, although decided in the context of a plea, is relevant in this case because *Hezzie* concluded that if a provision is not criminal punishment, there is no right to a jury trial guaranteed by the Sixth and Fourteenth Amendments of the United States Constitution and article I, section 7 of the Wisconsin Constitution. *See Hezzie*, 219 Wis. 2d at 889–90. In light of our supreme court's conclusions in both *Bollig* and *Hezzie*, we cannot conclude that Jeremy has proven that WIS. STAT. §§ 938.34(15m)(bm) and 301.45(1m) are unconstitutional under the Fifth, Sixth and Fourteenth Amendments of the United States Constitution and article I, sections 7 and 8 of the Wisconsin Constitution.

¶ 16. Moreover, if one considered mandatory sex registration by juveniles to be punishment, the supreme court's decision in *Cesar* effectively attaches a "best interest of the child" consideration to that punishment by permitting the trial court to exercise its discretion to stay that part of the dispositional order. *See* 272 Wis. 2d 22, ¶ 2. With that additional safeguard,

which is unavailable to adults in the mandatory registration class, the traditional concerns with, and consideration of, the best interests of the child remain an important aspect of this part of the juvenile code.

## II. Right to substantive due process

█

¶ 17. Jeremy contends that "the mandatory sex offender registration requirement for juveniles in WIS. STAT. §§ 938.34(15m)(bm) and 301.45(1m) are facially unconstitutional violations of a juvenile's substantive due process right to liberty guaranteed by the Fourteenth Amendment of the United States Constitution and by [a]rticle I, [section] 1 of the Wisconsin Constitution." "[Substantive due process] protects against governmental actions that are arbitrary and wrong 'regardless of the fairness of the procedures used to implement them.' " *Monroe County Dep't of Human Services v. Kelli B.*, 2004 WI 48, ¶ 19, 271 Wis. 2d 51, 678 N.W.2d 831 (citation omitted).

█

¶ 18. Jeremy candidly asks this court to recognize a new constitutional liberty interest contained in the "penumbra" of the Bill of Rights: "that children have a fundamental liberty interest in having their best interest considered in any decision the government makes about their lives." If children do have such a fundamental liberty interest, we would be required to review the question of mandatory sex offender registration while employing a standard of strict scrutiny. *See id.*, ¶ 17. This standard requires the State to show that the statute is narrowly tailored to advance a compelling interest that justifies interference with the juveniles' fundamental liberty interest. *See id.* If a fundamental

liberty interest is not implicated, then we need only review the statute under the standard of rational basis. *See id.* This is satisfied if the legislative enactment bears a rational relation to some legitimate end. *State ex rel. Schatz v. McCaughtry,* 2003 WI 80, ¶ 41, 263 Wis. 2d 83, 664 N.W.2d 596.

¶ 19. We decline Jeremy's invitation to recognize a new constitutional liberty interest. The due process clause of the Wisconsin Constitution is the substantial equivalent of the respective clause in the federal constitution. *Joseph E.G.,* 240 Wis. 2d 481, ¶ 5 n.4. As Jeremy acknowledges, neither the United States Supreme Court nor the Wisconsin Supreme Court has recognized that children have a fundamental liberty interest in having their best interest considered in any decision the government makes in their lives. Indeed, in *Reno v. Flores,* 507 U.S. 292 (1993), the United States Supreme Court observed the following:

> "The best interests of the child," a venerable phrase familiar from divorce proceedings, is a proper and feasible criterion for making the decision as to which of two parents will be accorded custody. But it is not traditionally the sole criterion—much less the sole *constitutional* criterion—for other, less narrowly channeled judgments involving children, where their interests conflict in varying degrees with the interests of others.

*Id.* at 303–04.

¶ 20. The United States Supreme Court has cautioned against expanding substantive due process rights. " 'Substantive due process' analysis must begin with a careful description of the asserted right, for '[t]he doctrine of judicial self-restraint requires us to exercise the utmost care whenever we are asked to break new ground in this field.' " *Id.* at 302 (citation omitted). In

order to recognize a new fundamental liberty interest, we must be convinced that the interest is "so rooted in the traditions and conscience of our people as to be ranked as fundamental." *Id.* at 303 (citation omitted).

■

¶ 21. Jeremy argues that the rights of children to have their best interest considered in any action by the State is "implicit in the concept of ordered liberty," citing *Palko v. Connecticut*, 302 U.S. 319, 325 (1937), *overruled on other grounds* by *Benton v. Maryland*, 395 U.S. 784, 793–94 (1969). We are unconvinced that this interest is so rooted in the traditions and conscience of our people as to be ranked as fundamental. *See Flores*, 507 U.S. at 303. Accordingly, we reject Jeremy's argument that we must review the question of mandatory sex offender registration while employing a standard of strict scrutiny. *See Kelli B.*, 271 Wis. 2d 51, ¶ 17.

¶ 22. In the alternative, Jeremy argues that even if this court employs the rational basis test, "mandatory registration statutes that allow no judicial discretion should not be able to pass muster." Jeremy devotes only a single paragraph to this alternative argument. Because this issue is not fully briefed, we need not address it. *See State v. Pettit*, 171 Wis. 2d 627, 646–47, 492 N.W.2d 633 (Ct. App. 1992). However, we note that the discretion confirmed in *Cesar*, and discussed *supra*, effectively permits the trial court to hold the mandatory registration in abeyance, potentially through the end of any time period covered by a juvenile registration order. The practical effect of *Cesar* is to provide the court with the very discretion Jeremy seeks in this appeal.

## III. Right to equal protection

¶ 23. Similar to his substantive due process argument, Jeremy asks this court to strictly scrutinize the mandatory sex offender registration provisions to determine whether the statutes violate juveniles' rights to equal protection under the Fourteenth Amendment of the United States Constitution and by article I, section 1 of the Wisconsin Constitution. "Equal protection requires strict scrutiny of a legislative classification only when the classification impermissibly interferes with the exercise of a fundamental right or operates to the peculiar disadvantage of a suspect class." *State v. Annala*, 168 Wis. 2d 453, 468, 484 N.W.2d 138 (1992). If a suspect class is not involved, "the appropriate analysis is whether the legislative classification rationally furthers a purpose identified by the legislature." *Id.* Under this test, equal protection is violated "only if the classification rests on grounds wholly irrelevant to the achievement of the State's objective." *State v. Martin*, 191 Wis. 2d 646, 657, 530 N.W.2d 420 (Ct. App. 1995) (citation omitted).

¶ 24. Jeremy argues that in order to apply strict scrutiny analysis, this court should recognize "that a child has a fundamental constitutional right to have his or her best interest considered in any decision about him or her made by the State," and that children are a "suspect class" that likewise requires strict scrutiny.

¶ 25. The Wisconsin Supreme Court has concluded that the equal protection clauses of the Wisconsin and United States Constitutions are equivalent for purposes of interpretation. *Hezzie*, 219 Wis. 2d at 893. As with his substantive due process argument, Jeremy acknowledges that neither the Wisconsin Supreme

384

Court nor the United States Supreme Court has recognized that minors have a fundamental constitutional right to have their best interest considered in any decision made about them by the State, and that neither court has recognized children as a suspect class. We reject Jeremy's argument with respect to recognizing a new fundamental liberty interest for the same reasons articulated with respect to substantive due process.

¶ 26. Next, we consider Jeremy's invitation to recognize children as a suspect class. "When the courts speak of a 'suspect' class, they look to 'traditional indicia of suspectness.' " *State v. Martin*, 191 Wis. 2d 646, 652, 530 N.W.2d 420 (Ct. App. 1995) (citation omitted). *Martin* explained:

> Traditional indicia are found when there is a history of such purposeful unequal treatment, political powerlessness or imposition of special disabilities such that the courts command extraordinary protection from the majoritarian political process. Persons generally are placed in these suspect classes by accident of birth. Examples of suspect classes are race, alienage and national origin. Another example is where a statute classifies by sex.

*Id.* (citations omitted).

¶ 27. Jeremy argues that children:

> are a suspect class because, like the traditional suspect classes, they are a minority without political power. They have been the object of discrimination throughout history. Various laws have had to be passed to protect children, such as child labor laws. It is time for the courts to recognize children as a suspect class who need the equal protection rights of the Constitution to prevent government from applying laws to them that have a disparate impact on them as children.

385

¶ 28. We disagree with Jeremy that children are a suspect class. As the State points out, recognizing children as a suspect class would create a giant class of persons, as all children under the age of eighteen would be members of the class. Such a class would also be transient, as children would emerge from the class upon reaching the age of majority. We conclude that recognizing all children as members of a suspect class would be inconsistent with other classes where those in the class retain that classification for life, and have been singled out for purposeful, unequal treatment. *See id.* We also note that the consequences of recognizing children generally as a suspect class could have far-reaching implications in many other areas of the law, including by way of example, education, school law, medical care, guardianship, family law and contract law. We decline to leap into that cauldron of potentially conflicting rights.

¶ 29. Because we decline to recognize that children are members of a suspect class with a fundamental liberty right to have their best interest considered before the State makes decisions about them, we decline to apply the strict scrutiny test to Jeremy's equal protection analysis. Jeremy does not argue that the statutes fail under the rational basis test, so we decline to further address his equal protection argument.

## IV. Discretion to stay the order

¶ 30. Although we have rejected Jeremy's constitutional challenge to the statutes mandating sex offender registration, we reverse and remand the dispositional order so that the trial court can consider whether to stay the registration component of the

dispositional order. In its written order, the trial court specifically concluded that it lacked the discretion to stay the sex offender registration requirement. Subsequent to the trial court's decision, the Wisconsin Supreme Court decided *Cesar*, which concluded that "[a] circuit court has discretion under WIS. STAT. § 938.34(16) to stay that part of a dispositional order requiring a delinquent child to register as a sex offender." *Cesar*, 272 Wis. 2d 22, ¶ 2.

¶ 31. We conclude that it is appropriate to give the trial court an opportunity to exercise discretion, as of the date of its original decision, with respect to staying the sex offender registration component of Jeremy's dispositional order. Although Jeremy did not explicitly seek this remedy, the heart of his appeal is his desire to avoid having to register as a sex offender. Given this desire, as well as the trial court's opinion implying that if it had the authority to do so, it would consider staying the dispositional order, we conclude that the trial court should have an opportunity to exercise its discretion in this case.

## CONCLUSION

¶ 32. We reject Jeremy's constitutional challenges to WIS. STAT. §§ 938.34(15m)(bm) and 301.45(1m). However, we reverse that portion of the dispositional order requiring him to register as a sex offender and remand so that the trial court can decide whether to stay the sex offender registration portion of the dispositional order as of the date of that order. All other conditions of the order, unchallenged on appeal, are affirmed.

*By the Court.*—Order affirmed in part; reversed in part and cause remanded with directions.