STATE of Wisconsin, Plaintiff-Respondent,

v.

James W. SMITH, Defendant-Appellant.†

Court of Appeals

*No. 2008AP1011–CR. Submitted on briefs November 25, 2008.
—Decided December 16, 2008.*

2009 WI App 16

(Also reported in 762 N.W.2d 856.)

† Petition to review granted 3/18/09.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Erica L. Bauer* of *Bauer, Farris & Holloway, LLC*, Appleton.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *J.B. Van Hollen*, attorney general, and *Rebecca Rapp St. John*, assistant attorney general.

Before Hoover, P.J., Peterson and Brunner, JJ.

¶ 1. HOOVER, P.J. James Smith appeals a judgment of conviction for his failure to comply with the reporting requirements of Wisconsin's sex offender registry. Smith complains the registry scheme is unconstitutional as applied to him because the underlying crime of which he was convicted lacks a sexual element. We reject his challenges and affirm the judgment.

¶ 2. In 2001, Smith was convicted of false imprisonment as party to a crime. The victim was a minor, held not for any sexual purpose but because of a dispute over a drug debt. Based on the conviction, Smith was ordered to register as a sex offender. *See* WIS. STAT. § 301.45.[1]

¶ 3. In 2005, the State charged Smith with failing to provide an annual update and failing to respond to written requests from the Department of Corrections. *See* WIS. STAT. § 301.45(2)-(4). Smith moved to dismiss, raising as-applied constitutional challenges. The court denied the motion. Smith then entered a guilty plea and was sentenced to one year of initial confinement and one year of extended supervision. Smith appeals, arguing § 301.45 violates both due process and equal protection.

---

[1] WISCONSIN STAT. § 301.45 states, in relevant part:

(1g) WHO IS COVERED. Except as provided in subs. (1m) and (1p), a person shall comply with the reporting requirements under this section if he or she meets one or more of the following criteria:

(a) Is convicted or adjudicated delinquent on or after December 25, 1993, for a sex offense.

A "sex offense" includes a violation of the false imprisonment statute, WIS. STAT. § 940.30, if the victim was a minor and the person who committed the violation was not the victim's parent. *See* WIS. STAT. § 301.45(1d)(b). All references to the Wisconsin Statutes are to the 2005–06 version unless otherwise noted.

170

¶ 4. The constitutionality of a statute is a question of law we review de novo. *State v. Joseph E.G.*, 2001 WI App 29, ¶ 4, 240 Wis. 2d 481, 623 N.W.2d 137. Statutes are presumed constitutional. *State v. Quintana*, 2008 WI 33, ¶ 76, 308 Wis. 2d 615, 748 N.W.2d 447. "Every presumption must be indulged to sustain the law if at all possible . . . ." *Id.*, ¶ 77 (citation omitted). Thus, the party challenging a statute must show the statute is unconstitutional beyond a reasonable doubt. *Dane County DHS v. Ponn P.*, 2005 WI 32, ¶ 8, 279 Wis. 2d 169, 694 N.W.2d 344. Here, Smith raises only an as-applied, not a facial, challenge to the statute. Therefore, he must show that WIS. STAT. § 301.45, as applied to him, is unconstitutional. *See Joseph E.G.*, 240 Wis. 2d 481, ¶ 5.

¶ 5. Smith first makes a due process challenge.[2] Due process protects "against governmental action that either 'shocks the conscience . . . or interferes with rights implicit in the concept of ordered liberty.' " *Ponn P.*, 279 Wis. 2d 169, ¶ 19 (quoting *State v. Jorgensen*, 2003 WI 105, ¶ 33, 264 Wis. 2d 157, 667 N.W.2d 318). The threshold question is whether a fundamental liberty interest is at stake. *Ponn P.*, 279 Wis. 2d 169, ¶ 20. If so, the statute in question is subjected to strict scrutiny and must be narrowly tailored to meet a compelling state interest. *Id.*

---

[2] The State argues we should consider Smith's arguments waived, because a valid guilty plea waives all nonjurisdictional defects and defenses. *See State v. Kelty*, 2006 WI 101, ¶ 18, 294 Wis. 2d 62, 716 N.W.2d 886. Smith does not refute this argument. However, waiver is a rule of judicial administration, and we may ignore waiver rules if a case presents an important, recurring issue. *State v. Leitner*, 2001 WI App 172, ¶ 42, 247 Wis. 2d 195, 633 N.W.2d 207.

¶ 6.   Smith attempts to identify three fundamental liberty interests or rights with which he claims Wis. Stat. § 301.45 interferes: his right to his reputation, because he is unfairly branded a "sex offender;" his right to privacy, because the registry publishes information such as his address and incarceration status; and his right to relocate and live wherever he wishes, because he is required to notify the State of changes in his address and local rules restrict where registered offenders may live.

■

¶ 7.   Fundamental liberty interests are those "so rooted in the traditions and conscience of our people as to be ranked as fundamental." *State v. Jeremy P.*, 2005 WI App 13, ¶ 20, 278 Wis. 2d 366, 692 N.W.2d 311 (quoted source omitted). However, aside from broadly asserting the existence of these three rights, Smith does nothing to demonstrate how the rights are rooted in tradition. Arguments must be supported by citation to legal authority.[3] Wis. Stat. Rule 809.19(1)(e). The right to an unlisted phone number—which Smith invokes in his privacy complaint—is hardly deeply rooted in the national conscience. He concedes in his brief that the Supreme Court does not elevate reputation in such a manner. *See Paul v. Davis*, 424 U.S. 693, 711–12 (1976). And that local rules collaterally restrain Smith's movement does not demonstrate the unconstitutionality of Wis. Stat. § 301.45, as applied, beyond a reasonable doubt.[4]

---

[3] Smith also makes no showing that the requirements of Wis. Stat. § 301.45 shock the conscience.

[4] Freedom of movement is inherent to the concept of personal liberty. *See Brandmiller v. Arreola*, 199 Wis. 2d 528,

¶ 8. When no fundamental liberty interest is at stake, we must ensure that "the means chosen by the legislature bear a reasonable and rational relationship to the purpose or object of the enactment . . . ." *State v. McManus*, 152 Wis. 2d 113, 130, 447 N.W.2d 654 (1989). Because the rational/reasonable relationship test is also the analysis under equal protection, we discuss the legal standards of equal protection next before applying the analysis to both challenges.

■

¶ 9. Equal protection requires the legislature have reasonable and practical grounds for distinctions and classifications it draws. *Quintana*, 308 Wis. 2d 615, ¶ 79. If a challenged statute interferes with a fundamental right, or disadvantages a suspect class, it is subject to strict scrutiny. *Ferdon ex rel. Petrucelli v. Wisconsin Patients Comp. Fund*, 2005 WI 125, ¶ 61, 284 Wis. 2d 573, 701 N.W.2d 440. Here, we have already established no fundamental rights are implicated, and Smith concedes no suspect class is implicated. Thus, we apply a rational basis test here as well. *Id.*, ¶ 65; *see also Quintana*, 308 Wis. 2d 615, ¶ 77 ("A statute must be sustained as constitutional if any reasonable basis for the statute exists."); *Lornson v. Siddiqui*, 2007 WI 92, ¶ 70, 302 Wis. 2d 519, 735 N.W.2d 55; *Ferdon*, 284 Wis. 2d 573, ¶ 62 (strict scrutiny rarely applied); *Joseph E.G.*, 240 Wis. 2d 481, ¶ 8. The reasonable basis need not be explicitly stated by the legislature; if we can imagine facts upon which the statute could reasonably

537, 544 N.W.2d 894 (1996). However, a mere reporting requirement does not prevent relocation. If local rules prohibit relocation, the appropriate challenge would be to those rules, not Wis. Stat. § 301.45.

be based, we will uphold the legislation. *Quintana*, 308 Wis. 2d 615, ¶ 77.

¶ 10.  As best we can discern, Smith has two equal protection arguments:  first, that there is an unreasonable distinction between parents and nonparents in WIS. STAT. § 301.45(1d)(b);[5] and second, that it is unreasonable to require him to register as a sex offender, even though false imprisonment lacks a sexual element, when others also convicted of non-sexual crimes need not register.[6] Our review of the statute's history, however, reveals a rational basis for these distinctions.

■ ■

¶ 11.  The purposes of WIS. STAT. § 301.45 are protection of the public and assistance to law enforcement. *Joseph E.G.*, 240 Wis. 2d 481, ¶ 9. The statute was initially created as WIS. STAT. § 175.45 (1993–94), then renumbered to § 301.45 in 1995. False imprisonment was also added in 1995 as a registerable offense, in accord with 42 U.S.C. § 14071 (1994).[7] The purpose of the federal legislation is to protect children from both sex offenses *and* violence. *See People v. Cintron*, 827 N.Y.S.2d 445, 448 (N.Y. Sup. Ct. 2006) (citing H.R. REP. No. 103–392 (1993), 103rd Cong., 1st Sess., *reprinted in* 1993 WL 484758). To those ends, including false imprisonment of a minor in the registration scheme furthers the goal of protecting children from violence.

---

[5] Smith does not make this argument on appeal, but did in the trial court. We include it here because the State opted to address it.

[6] This argument is not explicitly raised until the reply brief.

[7] This section is titled "Jacob Wetterling Crimes Against Children and Sexually Violent Offender Registration Program," after a boy who had been abducted but never found.

¶ 12. Smith, however, asserts there is no basis for excusing a defendant from reporting if he or she is the victim's parent. We disagree. First, there is a clear difference in the relationship parents have with their children as compared to the relationship between children and all other adults. Indeed, parents have a fundamental, constitutionally protected interest in a relationship with their children.. *See Kenosha County DHS v. Jodie W.*, 2006 WI 93, ¶¶ 40–41, 293 Wis. 2d 530, 716 N.W.2d 845. And it appears that parental abductions tend to be related not to violent or sexual crimes, but to custody disputes with the other parent; non-familial abductions tend to involve violence or sexual assaults.[8] Thus, the abduction of a child by a parent implicates a much different policy concern than abduction by a stranger, and it is therefore reasonable and rational for the legislature to recognize the distinction in offenders.

¶ 13. Smith's contention that he is treated unfairly compared to other defendants who are guilty of non-sexual crimes but who are not required to register also fails. He overlooks the purpose of the statute, which is protecting the public—specifically, children. The goal is not to identify individuals guilty of a crime with a sexual element. A defendant convicted of false imprisonment of an adult, for instance, is guilty of a non-sexual crime, but one that does not inherently implicate the safety of children in the same way that false imprisonment of a minor does. Thus, registry of a

---

[8] *See* David Finkelhor, et al., *Missing, Abducted, Runaway, and Thrownaway Children in America*, 112, 169 (May 1990), *available at* http://www.ncjrs.gov/pdffiles1/ojjdp/nismart90.pdf.

person who falsely imprisoned a minor helps satisfy the statutory goals in a way registering other defendants does not.[9]

¶ 14. Ultimately, there is a rational basis for the distinctions created by the legislature, the means specified in the statute, and the legislative goals of the statute.[10] Parents have a different relationship with

---

[9] Part of Smith's complaint in this respect relates back to the title of Wis. Stat. § 301.45, "Sex offender registration," because he maintains that he—like others convicted of crimes lacking sexual elements—is not a sex offender. However, a statute's title is not part of the statute. Wis. Stat. § 990.001; *State v. Lindsey A.F.*, 2003 WI 63, ¶ 14, 262 Wis. 2d 200, 663 N.W.2d 757. We use titles as interpretive aids when we analyze ambiguous statutes, but we do not use titles to create doubt where none otherwise exists. *Lindsey A.F.*, 262 Wis. 2d 200, ¶ 14. In any event, the statute defines "sex offense" to include a violation of Wis. Stat. § 940.30 if the victim is a minor who is not the defendant's child. *See* Wis. Stat. § 301.45(1d)(b). Therefore, for purposes of the statute, Smith did in fact commit a "sex offense."

[10] To the extent there is a third argument that there is no basis for exempting from registration certain defendants who were convicted of crimes with a sexual element while still requiring those convicted of false imprisonment to register, this difference has been explained.

> [T]he legislature's purpose [behind the Wis. Stat. § 301.45(1m) exemption] was to craft a narrow exception to mandatory registration for sex offenders in cases of factually consensual sexual contact between two minors who, but for the age of the younger child, would have broken no law.
>
> . . . .
>
> In contrast . . . the crime of false imprisonment is never consensual and never a crime solely because of the age of the victim. . . . [W]illing participation can never occur. . . . Accordingly, the legislature could have rationally concluded that a juvenile who would confine or restrain a child without the child's consent is a

children, and parental abduction implicates different concerns than non-parental abduction. Thus, it is reasonable to exempt parents convicted of falsely imprisoning their own children from the reporting requirement of WIS. STAT. § 301.45. Because not all defendants convicted of crimes lacking sexual elements pose an inherent danger to children, not all criminal defendants will be required to register. There is no equal protection or due process violation; § 301.45 is constitutional as applied.

*By the Court.*—Judgment affirmed.

greater potential threat to public safety than a person involved in a factually consensual sexual relationship with a child.

*State v. Joseph E.G.*, 2001 WI App 29, ¶¶ 11–12, 240 Wis. 2d 481, 623 N.W.2d 137.